NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PVT. PETER S. HOTALEN AMERICAN LEGION POST 157, | : | CIVIL ACTION NO. 19-646 (JLL) |
| Plaintiff, | : | **OPINION & ORDER** |
| v. | : | |
| UNITED STATES LIABILITY INSURANCE COMPANY, | : | |
| Defendant. | : | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1.      Pvt. Peter S. Hotalen American Legion Post 157 (hereinafter, "the Insured") brought this action in New Jersey State Court (hereinafter, "the Declaratory Judgment Action") against United States Liability Insurance Company (hereinafter, "the Insurer"), which provided liquor liability coverage to the Insured, for a judgment declaring that the Insurer is obligated to defend and indemnify it in a related New Jersey State Court case (hereinafter, "the State Tort Case"). (ECF No. 1-1 at 4–6.)

2.      The Insurer removed the Declaratory Judgment Action from New Jersey State Court based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and

alleged that the Insurer is deemed to be a Pennsylvania citizen and that the Insured is deemed to be a New Jersey citizen. (ECF No. 1 at 2.) For the following reasons, this Court remands the Declaratory Judgment Action pursuant to the *Brillhart* abstention doctrine.

3. In 2014, the Estate of Cary R. Mattos (hereinafter, "the Estate") brought the State Tort Case to recover damages for the wrongful death of Cary R. Mattos (hereinafter, "Mattos") against the Insured, Thomas K. Zoschak, the State of New Jersey, and others. (ECF No. 1-1 at 31 (the pleadings in the State Tort Case under No. L-14-328 (N.J. Superior Court, Sussex County)).)

4. On March 15, 2014, Mattos attended an event being held on the Insured's premises. (ECF No. 1-1 at 7.) With the Insured's alleged knowledge and encouragement, Mattos parked her vehicle on a lot that: (a) was allegedly controlled by the State of New Jersey; and (b) was across a multi-lane highway from the Insured's premises. (*Id.* at 7–8.)

5. Mattos stayed at the event for several hours, and left at 11 PM. (*Id.*) Regrettably, when Mattos then attempted to cross the highway to retrieve her vehicle, she suffered fatal injuries when she was struck by a vehicle being driven by Zoschak. (*Id.* at 8.)

6. The Estate alleges in the State Tort Case that the Insured negligently served alcohol to Mattos to the point of intoxication, and then negligently failed to protect her as she attempted to cross the highway while in that state of intoxication. (*Id.* at 41–49.)

2

7.      The State Tort Case has been actively litigated for almost five years, *i.e.*, since June 2014, and it remains pending. *See* No. L-14-328 (N.J. Superior Court, Sussex County).

8.      It is apparent that a determination by this Court concerning the state law insurance coverage issues raised in the Declaratory Judgment Action will necessarily affect — and thus interfere with — the State Tort Case. Indeed, the Insured's complaint in the Declaratory Judgment Action extensively quotes several allegations from the pleadings in the State Court Case concerning Mattos's alleged state of intoxication, the Insured's alleged awareness of her intoxication, the extent of the Insured's responsibility to protect the attendees who crossed the highway after attending the event, and the nature of the Insured's overall conduct during the event, and then suggests that the issues raised by those allegations would need to be addressed by this Court within the confines of the Declaratory Judgment Action. (ECF No. 1-1 at 10–13, 21.) As a result, this Court would be required to examine issues concerning the extent of the Insured's liability for Mattos's death that are identical to the issues being addressed in the State Tort Case.

9.      This Court concludes that there is a significant potential for conflicts to arise between determinations in the State Tort Case and the Declaratory Judgment Action if the Declaratory Judgment Action were to remain before this Court.

10.     As a result, this Court must abstain from adjudicating the Declaratory Judgment Action and remand the Action on the ground of *Brillhart* abstention. *See*

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–90 (1995) (upholding *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)). The claims in the Declaratory Judgment Action should be adjudicated by the same New Jersey State Court overseeing the State Tort Case. *See Certain Underwriters at Lloyd's, London v. Gjevukaj*, No. 18-11512, 2018 U.S. Dist. LEXIS 144273, at *5–8 (D.N.J. Aug. 23, 2018) (abstaining from the adjudication of an action in which a liability insurer sought a determination of its obligations in a related state tort case brought against its restauranteur insureds by a patron who was allegedly injured as a result of becoming overly intoxicated at their restaurant, because such a determination would interfere with the related state tort case); *see also Williams v. State Auto Prop. & Cas. Ins. Co.*, No. 08-4983, 2009 WL 1119502, at *2–3 (E.D. Pa. Apr. 24, 2009) (remanding an action concerning a dispute over insurance coverage, and noting that "the possibility of interfering with the state court cases regarding the same matter is substantial," because the conduct of certain parties would need to be addressed in both the underlying state cases and the removed declaratory judgment action).

11.     In view of the pending State Tort Case, this Court must remand the Declaratory Judgment Action in order to "promote judicial economy by avoiding duplicative and piecemeal litigation." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2001). The Third Circuit Court of Appeals has recognized that "in certain circumstances, determining the issue of coverage will rely on questions central to the underlying liability proceeding," thereby "warrant[ing] a court's abstention." *Kelly v.*

*Maxum Specialty Ins. Grp.*, 868 F.3d 274, 287 n.12 (3d Cir. 2017); *see also Summy*, 234

F.3d at 135–36 (abstaining from the adjudication of an insurance coverage action in

federal court, and holding that the desire of insurance companies to receive declaratory

judgments in federal court on matters of purely state law has no special call on the federal

forum).[1]

    **12.**    Therefore, this Court remands the Declaratory Judgment Action pursuant to

the doctrine of *Brillhart* abstention.[2]  For good cause shown:

---

[1]   If the Declaratory Judgment Action were to proceed in this Court, then the Estate and
the other parties from the State Tort Case should be named as additional defendants, which in
turn would lead to further interference and delays with the proceedings in the State Tort Case.
*See* N.J.S.A. 2A:16-56 (setting forth in the New Jersey Uniform Declaratory Judgment Act that
when declaratory relief is sought, all those having an interest that would be affected by the
declaration must be made parties to the proceeding).  The Insurer should have been aware of this,
because the Insured cites to the New Jersey Uniform Declaratory Judgment Act in the complaint.
(*See* ECF No. 1-1 at 6.)  The Estate's interests in particular would certainly be affected if the
Insured is found liable in the State Tort Case, but has no insurance coverage related to any of the
claims therein.  Furthermore, this Court doubts that diversity jurisdiction could be demonstrated
under 28 U.S.C. § 1332 if the Estate and the other parties from the State Tort Case were added to
the Declaratory Judgment Action, and then their respective citizenships were examined in light
of the Insured's New Jersey citizenship.  *See Valley Forge Ins. Co. v. Scottsdale Ins. Co.*, No.
14-7379, 2014 U.S. Dist. LEXIS 177881, at *3 n.2 (D.N.J. Dec. 29, 2014) (noting the same in
remanding a declaratory judgment action pursuant to *Brillhart* abstention that had been removed
from state court and that was related to a pending state tort case).

[2]   A remand of the Declaratory Judgment Action is preferable to a dismissal, as "a
remand may best promote the values of economy, convenience, fairness, and comity," because
"[a]ny time a district court dismisses, rather than remands, a removed case . . . , the parties will
have to refile their papers in state court, at some expense of time and money," and "the state
court will have to reprocess the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353
(1988).

**IT IS THEREFORE** on this ___22nd___ day of January, 2019, **ORDERED** that

this action is **REMANDED** to New Jersey Superior Court, Sussex County; and it is

further

ORDERED that this action is **CLOSED**.


JOSE L. LINARES
Chief Judge, United States District Court