**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PVT. PETER S. HOTALEN AMERICAN
LEGION POST 157,

      Plaintiff,

      v.

UNITED STATES LIABILITY
INSURANCE COMPANY,

      Defendant.

CIVIL ACTION NO. 19-646 (JLL)

**OPINION & ORDER**

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

**1.**     Pvt. Peter S. Hotalen American Legion Post 157 (hereinafter, "the Insured") brought this action in New Jersey State Court (hereinafter, "the Declaratory Judgment Action") against United States Liability Insurance Company (hereinafter, "the Insurer"), which provided liability coverage to the Insured, for a judgment declaring that the Insurer is obligated to defend and indemnify it in a related New Jersey State Court case (hereinafter, "the State Tort Case"). (ECF No. 1-1 at 4–6.) The Insurer removed the Declaratory Judgment Action from New Jersey State Court based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.)

**2.**     The Court entered an Order remanding the Declaratory Judgment Action to

New Jersey State Court under the doctrine of *Brillhart* abstention (hereinafter, "the Remand Order"). (ECF No. 2.)

3. The Remand Order also noted that the Court lacked diversity jurisdiction, as the Insured would be required to name the other parties from the State Tort Case as additional defendants in the Declaratory Judgment Action. *See* N.J.S.A. 2A:16-56 (setting forth in the New Jersey Uniform Declaratory Judgment Act that when declaratory relief is sought, all those having an interest that would be affected by the declaration must be made parties to the proceeding). The addition of these other parties would result in a lack of diversity of citizenship. *See Valley Forge Ins. Co. v. Scottsdale Ins. Co.*, No. 14-7379, 2014 U.S. Dist. LEXIS 177881, at *3 n.2 (D.N.J. Dec. 29, 2014) (noting the same in remanding a declaratory judgment action pursuant to *Brillhart* abstention that had been removed from state court and that was related to a pending state tort case). The Court noted in the Remand Order that the Insurer was well aware of this issue, because the Insured cited to the New Jersey Uniform Declaratory Judgment Act in the complaint in the State Tort Case. (ECF No. 2; *see also* ECF No. 1-1 at 6.)

4. The Insurer now moves for reconsideration of the Remand Order. (ECF No. 5.) The Insurer argues that the State Tort Case was officially settled and dismissed eight days after the Remand Order was signed, and that there is no longer a basis for the Court to abstain from adjudicating the Declaratory Judgment Action. (*See* ECF No. 5-1 at 5.)

**5.** However, the Insurer fails to address the issue of the Court's diversity jurisdiction that was raised in the Remand Order. As a result, the Insurer's motion for reconsideration is denied. *See Arrington v. McRae*, 683 F. App'x 108, 109 (3d Cir. 2017) (affirming the denial of a motion for reconsideration, as the movant failed to address "the District Court's conclusions . . . that she had jurisdictional problems in that complaint (including a lack of diversity required to bring her state law claims)"). For good cause shown:

**IT IS THEREFORE** on this _2nd_ day of ~~March~~ April, 2019, **ORDERED** that the defendant's motion for reconsideration **(ECF No. 5)** is **DENIED**; and it is further

**ORDERED** that this action is **CLOSED**.

_____

**JOSE L. LINARES**
Chief Judge, United States District Court